IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MICHAEL JOSEPH GOWAN #701757 § | |
| § | |
| V. § | A-10-CA-429-JN |
| § | |
| SHARON KELLER, LAWRENCE E. § | |
| MEYERS, TOM PRICE, § | |
| PAUL WOMACK, CHERYL JOHNSON, § | |
| MIKE KEASLER, BARBARA R. § | |
| HERVEY, CHARLES R. HOLCOMB, § | |
| and KATHY COCHRAN, in their official § | |
| capacities as judges at the Texas § | |
| Court of Criminal Appeals; § | |
| JUANITA PAVLICK, in her official § | |
| capacity as judge for the 89th District § | |
| Court, Wichita County; DORSEY R. § | |
| TRAPP, in his/her official capacity § | |
| as Clerk for the 89th District Court, Wichita § | |
| County; and NIKKI VILLASTRIGO, § | |
| in her official capacity as Deputy § | |
| District Clerk for the 89th District Court, § | |
| Wichita County § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JAMES R. NOWLIN
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint, Plaintiff's Affidavit Explaining Evidence of Non-Assignment Policy, Plaintiff's Brief in Support of His Independent Challenge to the Defendants' Inadequate System for Access to Article 11.07 Courts, and Plaintiff's Second Affidavit Explaining

Non-Assignment Policy. At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Robertson Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

On December 15, 1994, in the 89th Judicial District Court of Wichita County, Texas, upon his plea of not guilty to charges of sexual assault, kidnapping and burglary of a habitation, Plaintiff was tried by jury, found guilty and sentenced to life in prison. Gowan v. Quarterman, 7:08-CV-191-O (N.D. Tex.) (Order Dismissing Case June 9, 2009). On July 18, 1996, Plaintiff's conviction was affirmed on direct appeal. Id. (citing Gowan v. State, No. 02-95-115-CR (Tex. App. – Ft. Worth, pet. ref'd)). His petition for discretionary review was refused on February 28, 1997. Id. (citing Gowan v. State, PD-1266-96 (Tex. Crim. App. 1997)). Plaintiff did not file a petition for writ of certiorari. Id.

Plaintiff filed a state application for habeas corpus relief on September 27, 2001. Id. Plaintiff indicates the state application was denied on June 5, 2002.

According to Plaintiff, in 2007 he discovered his state application was not properly processed by the District Clerk of the 89th Judicial District Court of Wichita County. Plaintiff contends his application was not presented to the judge but was fraudulently transmitted to the Texas Court of Criminal Appeals with a notation that the trial court recommended the denial of habeas corpus relief. Plaintiff asserts he filed an affidavit and notice regarding the alleged fraudulent procedure with the Texas Court of Criminal Appeals on July 30, 2007. Plaintiff complains the court took no action.

According to Plaintiff, he filed a subsequent state application for habeas corpus relief on July 8, 2008, challenging the method in which his previous state application was processed. The Texas Court of Criminal Appeals dismissed the subsequent application as successive on October 31, 2008. On November 5, 2008, Plaintiff filed a federal application for habeas corpus relief, challenging his confinement and the denial of his state application for habeas corpus relief. Plaintiff's federal application was dismissed as time-barred.

Plaintiff names as defendants Judge Pavlick, District Clerk Trapp and Deputy Clerk Villastrigo of the 89th Judicial District Court of Wichita County, Texas, and the justices of the Texas Court of Criminal Appeals. He requests the Court to order the justices to issue an order requiring a live evidentiary hearing with effective assistance of counsel with regard to his claim that his previous counsel had an actual conflict of interest. Plaintiff contends this will remedy the denial of access to the courts, provide a fundamental right to be heard at a meaningful time and in a meaningful manner, eliminate cruel and unusual conditions of confinement, and remedy a foreseeable lifetime of isolation.

Plaintiff also requests a declaratory judgment that Defendants failed to ensure Plaintiff had actual access to the convicting court at a time when Judge Pavlick knew Plaintiff was illegally confined and had meaningful access to the Texas Court of Criminal Appeals before summarily denying his state application. Plaintiff further requests a declaratory judgment that the Texas Court of Criminal Appeals violated his First and Fourteenth Amendment rights when it dismissed his subsequent habeas application and failed to consider his request to rehear his original application. Finally, Plaintiff requests a declaratory judgment that the justices of the Texas Court of Criminal Appeals contributed to and proximately caused his unconstitutional conditions of confinement and

conditions that exceed Plaintiff's sentence in an unexpected manner when they failed to reconsider his original application for habeas corpus relief and when they procedurally barred his subsequent application for habeas corpus relief.

## DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.   Access to Court

To the extent Plaintiff challenges the processing of this original habeas application, which was denied by the Texas Court of Criminal Appeals, his claim fails. Plaintiff has not alleged a valid constitutional denial-of-access-to-the-court claim. See Rhodes v. Keller, 77 Fed. Appx. 261 (5th Cir. 2003) (the plaintiff, challenging the state habeas court's policy of taking no action, failed to allege a valid constitutional claim) (citing Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993); Crowder v. Sinyard, 884 F.2d 804, 811, 814 (5th Cir. 1989)).

Moreover, Plaintiff's claim is barred by the applicable statute of limitations. There is no federal statute of limitations for § 1983 actions. Piotrowski v. City of Houston, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Henson-El v. Rogers, 923 F.2d 51, 52 (5th Cir. 1991), cert. denied, 501 U.S. 1235 (1991). Therefore, the Supreme Court has directed federal courts to borrow the forum state's general personal injury limitations period. Owens v. Okure, 488 U.S. 235, 249-50, 109 S. Ct. 573, 582 (1989). In Texas, the applicable limitations period is two years. Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986)).

Plaintiff's state habeas application was denied on June 5, 2002. Although Plaintiff contends he did not discover his claims until 2007, Plaintiff's claims accrued no later than the date his application was denied. Accordingly, Plaintiff's claims challenging the processing of his original application for habeas corpus relief are time-barred.

    C.    Mandamus

Plaintiff also challenges the actions of the Texas Court of Criminal Appeals with regard to his request to reconsider his original application filed on July 30, 2007, and his subsequent state application for habeas corpus relief filed on July 8, 2008. Plaintiff's challenge should be construed as an application for writ of mandamus.

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651. But a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Lamar v. 118th Judicial District Court of Texas, 440 F.2d 383 (5th Cir. 1971);

Haggard v. Tennessee, 421 F.2d 1384 (6th Cir. 1970).  Since Plaintiff seeks only declaratory and mandamus relief, his request lacks an arguable basis in law and should be dismissed with prejudice as frivolous. See Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); Rhodes v. Keller, 77  Fed. Appx. 261 (5th Cir. 2003) (affirming dismissal as frivolous of § 1983 complaint, construed as a petition for mandamus relief, because plaintiff was merely seeking to have the federal court direct the state court to perform its duties as he wished).

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of September, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE